## Domestication of Foreign Business Corporations

SHOCKLEY, Deputy Attorney General, September 22, 1933.—You inquire whether, since the enactment of the Business Corporation Law of May 5, 1933, P. L. 364, a foreign business corporation which is registered to do business in Pennsylvania may be domesticated under the provisions of the Act of June 9, 1881, P. L. 89.

The Act of June 9, 1881, P. L. 89, is entitled: "An act to authorize foreign corporations to become corporations of Pennsylvania and to prescribe the mode for their so doing." The first section distinctly states that corporations created by or under the laws of any other State, which are doing business in this Commonwealth and which are embraced within corporations of the second class, as defined in the General Corporation Law of April 29, 1874, P. L. 73, may become corporations of this Commonwealth under the provisions of the above-

mentioned General Corporation Law of 1874. Section 2 requires a prescribed certificate to be submitted to the Governor. If he find the certificate to be in proper form and within the purposes named in the Act of 1874 for corporations of the second class, he is directed to endorse his approval thereon and cause letters patent to issue in the usual form, incorporating the stockholders and their successors into a body politic and corporate in deed and in law. Section 4, which was added by the Act of June 10, 1931, P. L. 490, provides that a domesticated corporation shall receive credit for the bonus it paid as a foreign corporation.

Former Attorney General Carson, in a formal opinion rendered under date of December 1, 1904 (National Metal Edge Box Co., 30 Pa. C. C. 273, 274), said of the domestication procedure outlined above:

"This, in my judgment, is the creation of a Pennsylvania corporation and not the adoption or naturalization of a foreign corporation. The act itself requires a distinct renunciation of the foreign charter and of all privileges not enjoyed by corporations of its class under the laws of this commonwealth."

Accordingly, the Act of 1881 in effect merely provides that the persons interested in a foreign corporation may form a corporation of the second class by following the procedure outlined in the Act of 1874. Inasmuch as that would have been possible without enabling legislation, the act had no particular significance until the 1931 amendment granted a credit to a domesticated corporation for the bonus it had paid as a foreign corporation. Prior thereto, the credit was not allowed: See formal opinion of Attorney General Carson, supra.

The Business Corporation Law, which became effective July 3, 1933, completely revised and codified the laws of this Commonwealth relating to the formation, merger, consolidation, reorganization, winding up, and dissolution of corporations for profit, except coöperative associations, public service companies, building and loan associations, banks, banks and trust companies, trust companies, and insurance companies: section 4. Such corporations were designated as "business corporations", and foreign corporations organized for any purpose or purposes for which a business corporation may be organized were designated as "foreign business corporations": section 2. The Business Corporation Law changed the procedure for the incorporation of this type of corporation and among other things requires the Secretary of the Commonwealth, instead of the Governor, to issue the papers evidencing incorporation. It also specifically repealed 133 acts, including the General Corporation Act of 1874, insofar as they related to business corporations, and repealed generally "all other acts or parts of acts inconsistent [therewith] . . . in so far as they relate to business corporations."

The Business Corporation Law did not specifically repeal the Act of 1881, supra, and does not contain any express provision for the domestication of foreign corporations. However, the Business Corporation Law expressly repealed the Act of 1874, insofar as it related to business corporations. In so doing, it necessarily restricted the scope of the Act of 1881, as that act clearly provides for the domestication of a foreign corporation organized for a purpose for which a domestic corporation may be organized under the Act of 1874, and requires the incorporation procedure outlined in the Act of 1874 to be followed to effect domestication. A business corporation can no longer be organized under the Act of 1874 or by the incorporation procedure outlined in that act. Accordingly, the Act of 1881, by its own terms, cannot apply to a foreign business corporation desiring to become a domestic business corporation.

The above conclusion is further substantiated by the rule of statutory interpretation stated in 59 C. J. 919, sec. 520, as follows:

706

"Where a later act covers the whole subject of earlier acts, embraces new provisions, and plainly shows that it was intended, not only as a substitute for the earlier acts, but to cover the whole subject then considered by the legislature, and to prescribe the only rules in respect thereto, it operates as a repeal of all former statutes relating to such subject matter. The rule applies not only where the former acts are inconsistent or in conflict with the new act, but also even where the former acts are not necessarily repugnant in express terms, or in all respects, to the new act. In order to effect a repeal by implication on this ground it must appear that the subsequent statute covered the whole subject matter of the former one, and was intended as a substitute for it."

As we have indicated above, it is possible for a foreign business corporation to be organized as a domestic corporation by the officers or other persons interested in the foreign corporation, following the procedure outlined in the Business Corporation Law for the organization of a domestic business corporation. However, the newly created corporation would not be entitled to a credit for the bonus paid by the foreign corporation, as section 4 of the Act of 1881 allows such a credit only to foreign corporations domesticated under its provisions.

Accordingly, you are advised that, since the enactment of the Business Corporation Law, a foreign business corporation which is registered to do business in Pennsylvania may not be domesticated under the provisions of the Act of June 9, 1881, P. L. 89, but the officers or other persons interested in the foreign corporation may achieve the same result by organizing a domestic business corporation under the Business Corporation Law. In the latter case, no credit could be allowed for bonus paid by the foreign corporation.

From C. P. Addams, Harrisburg, Pa.